SPS

COMMONWEALTH OF VIRGINIA
*ARLINGTON CIRCUIT COURT*
**1425 N. COURTHOUSE ROAD
ARLINGTON, VIRGINIA 22201
703-228-7010**

Steven Surles
**Plaintiff**

vs.                                    Case No. _21-141_

Levin Real Estate Management Corp., et al.
**Defendant**

TO:   Burlington Coat Factory Warehouse Corporation

Serve: CT Corporation System

4701 Cox Road, Suite 285, Glen Allen, VA, 23060

**RECEIVED**

JAN 1 3 2021

PAUL FERGUSON, CLERK
Arlington County Circuit Court
by_____Deputy Clerk

**SUMMONS – CIVIL ACTION**

**The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.**

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on _01/15/2021_

**PAUL FERGUSON, CLERK**

By: _____
**Deputy Clerk**

**Plaintiff's Attorney** Justin M. Reiner

**EXHIBIT
A**



CL21000141-00
GTOR
GTOR

**VIRGINIA**

**IN THE CIRCUIT COURT FOR ARLINGTON COUNTY, VIRGINIA**

STEVEN SURLES                                          :
5268 Nicholson Lane, SRG 287                           :
Kensington, MD 20895                                   :

       Plaintiff,                                   :

v.                                                     :    Civil Case No.:

LEVIN REAL ESTATE MANAGEMENT   :
CORP.                                                  :
975 US Highway 22 West                                 :
North Plainfield, New Jersey 07060                     :

    SERVE: National Registered Agents, Inc.  :
          4701 Cox Road, Suite 285
          Glen Allen, VA 23060                :

&                                                      :

BURLINGTON COAT FACTORY                :
WAREHOUSE CORPORATION                  :
1830 N Route 130                                       :
Burlington, New Jersey, 08016                          :

    SERVE: CT Corporation System                :
          4701 Cox Road, Suite 285
          Glen Allen, VA, 23060              :

&                                                      :

PENSKE TRUCK LEASING CO.,              :
LIMITED PARTNERSHIP A/K/A              :
PENSKE TRUCK LEASING CO., L.P.         :
2675 Morgantown Road                                   :
Reading, PA 19607                                      :

    SERVE:
CSC-Lawyers Incorporating Service Company:
7 St. Paul Street, Suite 820                           :

**RECEIVED**

JAN 1 3 2021

PAUL FERGUSON, CLERK
Arlington County Circuit Court
by_____Deputy Clerk

1

Baltimore, MD 21202                                    :

    Defendants.                                    :

## COMPLAINT

COMES NOW, the Plaintiff, STEVEN SURLES, by and through counsel, Axelson, Williamowsky, Bender & Fishman, P.C., and Justin M. Reiner, Esq., and files this Complaint against Defendants, and states:

1.     Plaintiff, STEVEN SURLES, is an adult resident of Kensington, Maryland.

2.     Defendant, LEVIN REAL ESTATE MANAGEMENT CORP., is a corporation incorporated under the laws of the State of New Jersey, doing substantial business in Virginia, including the leasing and management of commercial real estate properties in Virginia.

3.     Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, is a corporation incorporated under the laws of the State of New Jersey, doing substantial business in Virginia, including the operation of clothing stores throughout Virginia.

4.     Defendant, PENSKE TRUCK LEASING CO., LIMITED PARTNERSHIP A/K/A PENSKE TRUCK LEASING CO., L.P., is a limited partnership organized under the laws of Pennsylvania, doing substantial business in Virginia, including providing commercial freight and transportation services throughout Virginia.

5.     The events that form the basis of the instant litigation occurred in Falls Church, Virginia.

6.     That this Court has jurisdiction in this matter in accordance with Va. Code Ann. § 16.1- 77.

7.     That this Court has venue in this matter in accordance with Va. Code Ann. § 8.01-262.

## FACTUAL BACKGROUND

8.     The allegations contained in paragraphs 1 through 7 of this Complaint are incorporated herein

by reference as though repeated in full.

9.      On February 11, 2020, at approximately 5:00 am, a truck owned and operated by Defendant Penske Logistics, LLC ("Penske"), was picking up and/or delivering materials at an Advance Auto Parts store at the Crossroads Place Shopping Center in Falls Church, Virginia when said truck collided with and damaged a concrete pillar outside the front of a store owned or leased by Defendant Burlington Coat Factory Warehouse Corp. ("Burlington Coat Factory") at the Crossroads Place Shopping Center, located at or near 3516 South Jefferson Street, Falls Church, Virginia 22041.

10.      Thereafter, at about 6:30 a.m. the manager of the Burlington Court Factory store came to work at the South Jefferson Street location and saw the debris on the ground from the damage to the concrete pillar by the Penske truck, but took no action to block off the area entirely and/or place warning signs or cones in the area of the damage and debris to alert the general public of the unsafe and dangerous condition.

11.      Defendant Levin Real Estate Management Corporation ("Levin") was either the owner of the subject property or hired by the owner as the exclusive leasing and management agent, and was responsible for overseeing, leasing and managing said shopping center in Falls Church, Virginia, and knew or should have known of the unsafe and dangerous condition after the manager of the Burlington Coat Factory store reported for duty and saw the debris at around 6:30 a.m. on February 11, 2020.

12.      At approximately 9:30 am on February 11, 2020, Plaintiff was walking into the front entrance of the store owned or leased by Burlington Coat Factory, when a large piece of the damaged concrete pillar that the Penske truck had earlier collided with fell and hit Plaintiff on the head and neck with great force, knocking him to the ground.

3

13.    As a direct and proximate result of the Defendant Penske's negligence in hitting a concrete pillar at the shopping center and Defendants Burlington Coat Factory and Levin's negligence, *inter alia*, in failing to block off the area entirely and warn the general public of the unsafe condition and by failing to keep the premises safe for invitees onto the premises, Plaintiff suffered serious injuries to his person, including undergoing a cervical spine surgery as a result of his injuries.

14.    Solely as a result of the aforementioned, the Plaintiff has incurred damages, including but not limited to:

    a.    Medical bills and expenses in the past and continuing in the future;

    b.    Lost wages in the past and continuing in the future;

    c.    Pain, suffering, inconvenience, and loss of enjoyment of life in the past and continuing in the future.

## COUNT I - NEGLIGENCE
### (Levin Real Estate Management Corp.)

15.    All the other previous and foregoing paragraphs are incorporated herein by reference as though repeated in full.

16.    At all times relevant hereto, Plaintiff was a business invitee and lawfully came onto the subject premises as he was attempting to purchase goods or items at the Burlington Coat Factory store at the time of his injuries.

17.    At all times relevant hereto, Defendant Levin was, upon information and belief, either the owner of the subject property or was hired by the owner of the premises to provide property management services.

18.    Defendant Levin, who hold itself out to be an expert in the property management business,

4

owed to Plaintiff a duty of using reasonable care, or a reasonable degree of caution, attention and/or skill which a person who holds themselves out to be an owner or management company of commercial property would use under similar circumstances, and/or to use, at minimum, a reasonable degree of caution, attention and/or skill which an ordinary person would use under similar circumstances.

19.     Defendant Levin owed the Plaintiff a duty to use reasonable and ordinary care to maintain the premises safely for him, and to protect him against injury caused by an unreasonable risk, which the Plaintiff, through the exercise of ordinary care, could not discover.

20.     Defendant Levin, as either an owner of the property or the property manager for the subject premises, owed a duty to inspect, identify, mark and/or repair unsafe portions of the premises, which would present unseen hazards to the public or invitees like Plaintiff.

21.     Defendant Levin maintained, or allowed to be maintained, the dangerous and hazardous conditions related to the entrance walkway on the premises and the area below and around the concrete pillar for a sufficient length of time as to be charged with knowledge of its dangerous conditions. Defendant, through its agents and/or employees, knew, or should have known, of the dangerous conditions and, further, had the opportunity and ability to correct the dangerous condition prior to debris from the damaged concrete pillar falling onto Plaintiff.

22.     That at the time of the incident, the Defendant Levin owed a duty of care to Plaintiff to warn him of any hidden dangers the Defendant knew or should have known about, including the damaged concrete pillar near the entrance of the store.

23.     The Defendant Levin breached the duty of care owed to the Plaintiff by, among other things:

      (i) failing to properly maintain the Burlington Coat Factory entrance walkway in such

condition so that Plaintiff, or other invitees of the premises, would not be subjected to an unreasonable risk of injury;

(ii) failing to properly inspect the entrance walkway and the pillar and ceiling above it for defective or dangerous conditions that pose an unreasonable risk of injury;

(iii) failing to properly correct the defective or dangerous condition in the pillar and ceiling that posed an unreasonable risk of injury to Plaintiff;

(iv) failing to warn the Plaintiff of the dangerous or defective condition in the pillar and ceiling which the Defendants knew, or through the exercise of reasonable care, should have known existed;

(v) failing to adequately block access to the immediate surrounding area of the damaged concrete pillar to provide sufficient notice to the public or invitees like the Plaintiff of the existence of the dangerous condition and to avoid said area;

(vi) failing to keep and maintain the premises in a safe and reasonable condition; and

(vii) being otherwise careless, negligent and reckless.

24.     The falling debris hit Plaintiff with such great force to cause the Plaintiff to suffer from serious injury without any negligence on the part of the Plaintiff contributing in anyway thereto.

25.     That as a direct and proximate cause of Defendant Levin's  negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has suffered serious and permanent injuries for which he has both sought medical treatment in the past, and for which he will continue to require substantial medical treatment in the future.

26.     That as a direct and proximate cause of Defendant Levin's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, the Plaintiff has incurred

6

extensive medical costs in the past, including a cervical spine surgery, and will continue to incur extensive medical costs in the future and has lost wages in the past and will in the future.

27.      That as a direct and proximate cause of Defendant Levin's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, the Plaintiff has both incurred substantial pain, suffering and loss of enjoyment of life in the past and will continue to do so in the future as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff, STEVEN SURLES, demands judgment from and against the Defendant, LEVIN REAL ESTATE MANAGEMENT CORP., in the amount of ONE Million Dollars ($1,000,000.00) plus interest and costs.

## COUNT II - NEGLIGENCE
### (Burlington Coat Factory Warehouse Corp.)

28.      All the other previous and foregoing paragraphs are incorporated herein by reference as though repeated in full.

29.      At all times relevant hereto, Defendant Burlington Coat Factory Warehouse Corp. was either the owner or a lessee and/or a business occupying the land where Plaintiff was injured.

30.      At all times relevant hereto, Plaintiff was a business invitee onto the subject premises as he was attempting to purchase goods or items at the Burlington Coat Factory store at the time of his injuries.

31.      Defendant Burlington Coat Factory, as the owner or lessee and/or business occupying the land, had a duty to the Plaintiff to keep its property, including the entranceways and footpaths, free of hazards and reasonably safe for persons such as Plaintiff.

32.      After Plaintiff's accident, the store manager at Burlington Coat Factory informed Plaintiff

7

that she had seen the debris from the damaged concrete pillar that morning when she got to work at around 6:30 am, but that she did nothing to warn the public about the danger.

33.    Defendant Burlington Coat Factory knew or should have known of the existence of the dangerous condition on the premises, yet failed to act reasonably under the circumstances.

34.    That at the time of the incident, the Defendant Burlington Coat Factory owed a duty of care to Plaintiff to warn him of any hidden dangers the Defendant knew or should have known about, including the damaged concrete pillar just outside the Defendant's store.

35.    The Defendant Burlington Coat Factory was careless, negligent and reckless and breached said duty owed to Plaintiff as follows:

a.    Failing to properly ensure that the store front, entranceways and/or footpaths were free of materials or hazards, such as loose or falling debris from a damaged concrete pillar;

b.    Failing to properly inspect the premises, including the store front, entranceways and footpaths to ensure that the premises were reasonably safe for persons such as the Plaintiff;

c.    Failing to maintain the premises in a good and safe condition for the Plaintiff and others;

d.    Failing to warn Plaintiff of any hidden dangers and block access to the area of the damaged pillar that Defendant knew or should have known about, including its store manager who saw the damaged pillar and debris but did nothing to warn the public or invitees and block access to said area onto the premises or the store.

e.    Failing to use reasonable care under the circumstances; and

8

     f.     Otherwise being negligent in the maintenance of its store.

36.     The falling debris hit Plaintiff with such great force to cause the Plaintiff to suffer from serious injury without any negligence on the part of the Plaintiff contributing in anyway thereto.

37.     That as a direct and proximate cause of Defendant Burlington Coat Factory's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has suffered serious and permanent injuries for which he has both sought medical treatment in the past, and for which he will continue to require substantial medical treatment in the future.

38.     That as a direct and proximate cause of Defendant Burlington Coat Factory's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, the Plaintiff has incurred extensive medical costs in the past and will continue to incur extensive medical costs in the future and has lost wages in the past and in the future.

39.     That as a direct and proximate cause of Defendant Burlington Coat Factory's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, the Plaintiff has both incurred substantial pain, suffering and loss of enjoyment in the past and will continue to do so in the future as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff, STEVEN SURLES, demands judgment from and against the Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORP., in the amount of ONE Million Dollars ($1,000,000.00) plus interest and costs.

## COUNT III - NEGLIGENCE
### (Penske Truck Leasing Co., Limited Partnership)

40.     All the other previous paragraphs are incorporated herein by reference as though repeated in full.

9

41.     An employee and/or agent of Penske was picking up and/or delivering materials from the Advanced Auto Parts store adjacent to the Burlington Coat Factory store on the morning of February 11, 2020 at approximately 5:00 am.

42.     While attempting to pick up and/or deliver the materials, the driver of the Penske truck, in a truck owned and operated by Penske, collided with a concrete pillar on the outside of the store front of the Burlington Coat Factory with such great force as to cause the pillar to be damaged and subject to crumbling.

43.     The driver of the Penske truck owed a duty to properly maintain control of his vehicle and to drive his vehicle in a non-negligent manner and to not cause structural damage to the Burlington Coat Factory and Advanced Auto Parts storefront for which foreseeable persons such as store patrons would be exposed to unseen hazards.

44.     The driver of the Penske truck breached this duty of care owed to the Plaintiff in that he failed to use due care and caution, failed to keep a proper lookout, failed to observe the presence and proximity to structural components of the shopping plaza and warn the general public of the damage to the concrete pillar,  failed to control the speed of or stop his vehicle in order to avoid a collision, operated his vehicle at an unreasonable and unsafe speed for the traffic conditions, was otherwise careless, reckless, and negligent.

45.     As a direct and proximate cause of the Penske driver's negligence, Plaintiff was severely injured when walking into the Burlington Coat Factory store on February 11, 2020.

46.     Defendant Penske is responsible for the acts of its employee and/or agent acting within the course of his/her employment or agency with Penske and with express permission from Penske under the doctrine of *respondeat superior*.

10

47.     The falling debris caused by Penske's driver's damage to the pillar, hit Plaintiff with such great force to cause the Plaintiff to suffer from serious injury without any negligence on the part of the Plaintiff contributing in anyway thereto.

48.     That as a direct and proximate cause of Defendant Penske's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has suffered serious and permanent scarring and injuries for which he has both sought medical treatment in the past, and for which he will continue to require substantial medical treatment in the future.

49.     That as a direct and proximate cause of Defendant Penske's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, the Plaintiff has incurred extensive medical costs in the past and will continue to incur extensive medical costs in the future and has lost wages in the past and in the future.

50.     That as a direct and proximate cause of Defendant Penske's negligence, without any negligence on the part of the Plaintiff contributing in any way thereto, the Plaintiff has both incurred substantial pain, suffering and loss of enjoyment in the past and will continue to do so in the future as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff, STEVEN SURLES, demands judgment from and against the Defendant, PENSKE LOGISTICS LLC, in the amount of ONE Million Dollars ($1,000,000.00) plus interest and costs.

Respectfully Submitted,

**STEVEN SURLES**

By Counsel

Justin M. Reiner, VSB 72251
Axelson, Williamowsky, Bender & Fishman, P.C.
1401 Rockville Pike, Suite 650
Rockville, MD 20852
(301) 738-7679 (Office)
(301) 424-0124 (Fax)
jmr@awbflaw.com
*Counsel for Plaintiff*

12